HEARD NOVEMBER TERM, 1875.

## SANDERS *vs.* HARTZOG.

A writing, endorsed upon a deed of conveyance to S., in these words; "In consideration of the sum of $500, to me in hand paid by E. G., I hereby assign, transfer and set over to E. G. all my right, title and interest in and to the premises covered by the within deed, to have and to hold the said land described within unto the said E. G., her heirs and assigns forever," signed by S. opposite an L. S. and attested by two witnesses: *Held*, to be a good bargain and sale of the land described in the deed of conveyance.

BEFORE MAHER, J., AT BARNWELL, SEPTEMBER TERM, 1874.

This was an action by Eliza G. Sanders, plaintiff, against Henry Hartzog, defendant, to recover the possession of a lot of land in the town of Bamberg.

The case was as follows: Thomas J. Counts, by his deed of release bearing date the 17th September and recorded the 21st November, 1867, conveyed the lot in question, fully describing the same therein by metes and bounds, to Burrell Sanders. On the 27th June, 1871, Burrell Sanders endorsed upon the said deed of release an instrument over his hand and seal in the following words and figures:

"THE STATE OF SOUTH CAROLINA, }
      "COLLETON COUNTY.     }

"In consideration of the sum of five hundred dollars, ($500,) to me in hand paid by E. G. Sanders, I hereby assign, transfer and set over to Miss Eliza G. Sanders all my right, title and interest in and to the premises covered by the within deed, to have and to hold the said land described within unto the said Eliza G. Sanders, her heirs and assigns, forever.

                      "BURRELL SANDERS. [L. S.]"

This instrument was attested by two witnesses and recorded on the 31st August, 1871.

Burrell Sanders was afterwards adjudicated a bankrupt and the defendant was in possession of the lot claiming as purchaser from his assignee.

At the close of the plaintiff's case, the defendant moved for a nonsuit, on the ground that the instrument endorsed upon the deed of release was insufficient in law as a conveyance of land.

His Honor granted the motion, and the plaintiff appealed.

*Skinner*, for appellant:

1. There is no intrinsic force in a deed to transfer an estate. The deed is simply *the legally-constituted witness* that the estate has been transferred; and this not by the common law, (by which a parol transfer was valid,) but the Statute of Frauds, requiring the transfer to be evidenced by writing.—2 Bl. Com., 294, 297, 313; 4 K., 555.

2. The Act of 1795 (1 Brev. Dig., 177,) allows such operation to the words "grant, bargain, sell and release," &c., and will the Court allow less force and effect to the words "assign, transfer and set over," (used in the plaintiff's deed,) when the purpose of the Act (*ibid*, § 39,) was to render the transfer of land "free and unrestrained" according to the policy of the law?

2 Bl., 289 : And the words of the deed are of more apt and ample signification than those of the Act.

See the meanings and uses of these words in 2 Bl., 294, 310, 17, 24, 27, 39.

3. But no form of words is necessary to the validity of a deed.— 2 Bl., 298 ; 4 K., §§ 511–12; and the deed to the plaintiff is doubly sufficient in that the statutory form of the deed from Counts to Sanders is incorporated and made a part of it by reference.—Br. L. M., 482; 2 Bl., 108, and note to page 110, by Judge Sharswood ; *Dawson* vs. *Dawson*, Rice Eq., 266.

4. But upon a contract to convey land, made upon a valuable consideration, (and the plaintiff's deed expresses one,) the bargainor is seized to the use of the bargainee, and the Statute of Uses executes the estate, and the plaintiff's deed is therefore good and effectual as a *bargain and sale.*—2 Bl., 338; 4 K., 544; *Rugge* vs. *Ellis*, 1 Bay, 104; *Craig* vs. *Pinson*, Chev., 272; *Chancellor* vs. *Windham & Law*, 1 Rich., 164; and see argument of counsel and note by reporter in same case.

5. The plaintiff's deed is sufficiently certain, and unaffected by the ruling in *Turner* vs. *Moore*, 1 Brev., 236; Brm. L. M., 485; *Kirkland* vs. *Way*, 3 Rich., 5; *Evans* vs. *Corley*, 8 Rich., 318; and third persons can only raise the question of the "*meaning*" of the deed.—*McCullough* vs. *Wall*, 4 Rich., 80.

6. But in the present case the allegation of possession in the plaintiff and ouster by defendant is uncontroverted and taken as true.— Code, § 191. And in the absence of any opposing evidence, the plaintiff was entitled to recover.—*Brewster* vs. *Stirkie*, 1 E. D. Smith, 321; *Hill* vs. *Draper*, 10 Barb., 454.

*Gantt*, for defendant:

The assignment in this case is not sufficient as a title by which to transfer real estate.

I. Because the Act of 1795 (5 Stat., 256, which is also incorporated in the Revised Statutes, page 423, § 4,) prescribes the form or purport of a release, which is declared valid and effectual to pass the title of real estate, but provides that the Section shall be so construed as not to invalidate the " forms heretofore in use in this State."

In *Craig* vs. *Pinson*, (Chev. R., 272,) the form prescribed by the Act of 1795 was held to be the form for a *bargain and sale*, and a deed not pursuing that form and having only one subscribing witness was adjudged invalid. Judge Butler, delivering the opinion of the Court, said (on page 277): "The Act of the Legislature does say that the form prescribed should not invalidate the forms heretofore in use in this State; that is, all common law modes of conveyance, which were attended with notoriety and transmutation of possession from one to another. All other forms are excluded by the one presented." This language, however, was too general or broad, for it has been adjudged that the covenant to stand seized, when founded on consideration of *blood or marriage*, is still effectual to pass title to land under the operation of the Statute of Uses, and that such covenant avails under that statute to convey a freehold to commence in future.— *Chancellor* vs. *Windham & Law*, 1 Rich., 161; *Kinsler et al.* vs. *Clark*, 1 Rich., 170; *Dinkins* vs. *Samuels*, 10 Rich., 66.

But *Craig* vs. *Pinson* seems to have settled the point that a deed of bargain and sale to be valid and effectual must pursue the Act of 1795; and such deed operates in this State, not by virtue of the

Statute of Uses, but as a direct conveyance passing the estate with transmutation of possession as effectually as a feoffment with livery of seizin.

The writing here in question, if valid at all, must be supported as a deed of bargain and sale. But it lacks the operative words of conveyance expressed in our statutory form, and contains none equivalent thereto; "assign, transfer and set over" are not equivalent to "bargain and sell." "*Alien or grant*," "*demise and grant*," have been held sufficient.—Sheppard's Touchstone, 219. Chancellor Kent (in 4 Com., 496,) says: "Nothing can be more liberal than the rules of law as to the words requisite to create a bargain and sale. There must be a valuable consideration, and then any words that will raise a use will amount to a bargain and sale." But our statutory form of a bargain and sale excludes the operation of the Statute of Uses, and the statute has converted the bargain and sale, as a conveyance to uses, into a conveyance working transmutation of possession *ex vi facti*, without help from the Statute of Uses.—4 Kent, 461. Therefore words that formerly might have been sufficient to raise an use or trust which the Statute of Uses would execute, do not, since the Act of 1795, necessarily constitute a bargain and sale effectual under that Act. The rule is fully recognized that when a deed cannot operate in the mode contemplated by the parties, it should be construed in such a manner as to operate, if possible, in some other way.—*Chancellor* vs. *Windham*, 1 Rich., 167.

It is, however, submitted that this instrument, if not valid as a bargain and sale, can avail in no other way than as an agreement to convey, enforcible in equity.

It would hardly be contended that this instrument is a covenant to stand seized to uses, since it professes to be founded on a pecuniary consideration *alone.*—1 Rich., 161, 170. Moreover, Sanders reserved no estate to himself, so the question of freehold to commence *in futuro* is not involved, and hence no necessity to construe as a covenant to stand seized. Submitted that where, as in this instance, the manifest intention is to pass a present estate, to hold that the instrument is effectual as a covenant to stand seized, and that the use raised is forthwith executed by the Statute of Uses, would be to set at naught our statute which prescribes the form of a deed, when the object is to convey a present and not merely a future intent.

In the case of *Clark* vs. *O'Margery*, (2 Brev. Rep., 134,) a similar assignment of a grant was held by this Court to be not sufficient to

pass any estate therein, as upon no principle of legal construction could it be considered equivalent to any of the legal conveyances hitherto in use for effecting the transfer of real estate, as the endorsement in question does not even import a *bargain and sale* of the land, but imports only an assignment of the same.

In 4 Kent's Com., 579, the distinction between *bargain and sale* and covenant to stand seized to uses is, that while the former requires a valuable consideration, the latter requires a consideration of *blood or marriage*, which latter consideration is not embraced in the language of the assignment in question, nor was it given in evidence at the trial. And as it is said in the same volume and page that " the instrument, to operate, must partake of the qualities of the deed assumed, this assignment cannot operate as a *bargain and sale* for the numerous reasons above stated, or as a covenant to stand seized to uses, for want of the required consideration of *blood or marriage*.

In *Ingram* vs. *Porter*, (4 McC., 201,) Judge Colcock, in delivering the opinion of the Court, says: " When it is said the deed must operate if it can, it is meant if it can consistently with the meaning of the parties, as regulated by the rules of law. It is not intended that the plain and obvious meaning of words are to be entirely changed, and that those words which are entirely applicable to one subject are to be applied to another, for this would in effect be making a deed and not construing one."

February 2, 1876. The opinion of the Court was delivered by

Moses, C. J. The Act of 1795, (General Statutes, 423,) while it prescribes the form of a release which shall be effectual for the transfer of real estate, provides "that it shall be so construed as not to invalidate the forms heretofore in use in this State." Among those in use at its passage were not only lease and release, but bargain and sale, and a covenant to stand seized to uses.—Lessee of *Ruggs* vs. *Ellis*, 1 Bay., 109; *Craig* vs. *Pinson*, 1 Chev., 272; *Chancellor* vs. *Windham*, 1 Rich., 161. The statutory form created by the Act may be said to embrace both a lease and release, and a bargain and sale, by the introduction of modes usually employed in both. The instrument by which the land conveyed by Counts to Burrill Sanders was transferred to Eliza G. Sanders, the appellant, while it cannot take effect as a conveyance at common law, nor as a covenant to stand seized, because it failed in the consideration of marriage or consanguinity,

may, nevertheless, be effectual as a bargain and sale, which, alike with the covenant to stand seized, owes its creation to the Statute of Uses, if the words employed are sufficient to sustain the instrument as a contract for the sale of the land, in consideration of money or its equivalent paid. The Statute of Uses, which, immediately on its enactment, converted what had been equitable into legal estates, gave rise to new modes by which the title to land could be as securely transferred as by any form of conveyance at common law then recognized and in use. Among these was a title derived through a bargain and sale; for the use being given by the deed, the statute conveys the legal estate, and thereby confirms in the purchaser the title as well as the use.

Can the deed to Eliza G. Sanders take effect as a bargain and sale? It recites a money consideration paid, and an intention beyond dispute to vest in her the land covered by the conveyance to her grantor from Counts. While it may not employ technical words, its language is sufficient to express the purpose which the party paying the money and the party executing the deed had in view. It was evidently the design of Burrell Sanders that his grantee should "have and hold" the land in fee simple; for if any estate is conveyed it is one of inheritance. He makes no reservation, and clearly manifests his purpose to part with all "his right, title and interest" in the land.

But to maintain an instrument as a valid bargain and sale, it is not necessary that technical words should be employed. Chancellor Kent, in the fourth volume of his Commentaries, 496, says: "Nothing can be more liberal than the rules of law as to the words requisite to create a bargain and sale. There must be a valuable consideration, and then any words that will raise a use will amount to a bargain and sale."

Mr. Washburne, in his work on Real Property, (3 vol., 620,) quoting from 2 Wood Com., says: "The elementary writers insist upon the importance of the words of grant being suitable to the nature of the deed, and it is accordingly stated that for a feoffment the proper words are 'give,' 'grant,' 'en feoff,' &c., and for bargain and sale, 'grant,' 'bargain' and 'sell,' &c. But the words 'bargain and sell' are not essential to such a conveyance, and any words of equivalent signification, which would at common law raise a use, will be sufficient, if they show the intent of the parties."

In *Roe* vs. *Tranmarr*, (Willes, 682,) the judgment of the Court, resting, as it says, on the general rules of law in respect to the exposition of deeds laid down in many of the books, and which are collected out of them by Shephard on Common Assurances, gives effect to the maxim that *verba intentioni et non e contra debent inservire*, and that, "therefore, deeds which are intended and made to operate one way, may operate another way, if the intention of the parties cannot take place, unless they operate a different way from what they were intended."

Parke, B., in *ex dem Lewis* vs. *Davies*, 2 M. & W., 516, referring to *Roe* vs. *Tranmarr*, cites. with approbation what is there said by the Lord Chief Justice, quoting from the opinion in *Osman* vs. *Sheafe*, 3 Lev., 370, "that the Judges in these latter times (and he thinks very rightly) have gone further than formerly, and have had more consideration for the substance, to wit, the passing of the estate according to the intent of the parties, than the shadow, to wit, the manner of passing it."

In *Jackson* and others vs. *Fish* and others, 10 John., 457, it was said by the Court, of which Mr. Kent was then the Chief Justice: "There are no precise technical words required to raise a use. If the words amount to a present contract of sale or bargain, a trust is instantly raised on which the statute operates."

We think that the words in the deed before us amount to such a contract, and the motion to set aside the nonsuit is granted, and the case is remanded to the Circuit Court for a new trial.

*Wright*, A. J., and *Willard*, A. J., concurred.